## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

JERRI J. HUGHES,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. 04-CV-165-LRR

**ORDER**

_____

### *TABLE OF CONTENTS*

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. PRINCIPLES OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. *Review of a Magistrate Judge's Report and Recommendation* . . . . . . 2

    B. *Review of the Social Security Commissioner's
       Decision to Deny Benefits* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. PROCEDURAL AND FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . 3

IV. APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V. THE ALJ'S ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C. *Remaining Steps of the Sequential Evaluation Process* . . . . . . . . . . 7

VI. PLAINTIFF'S COMPLAINT FOR JUDICIAL REVIEW . . . . . . . . . . . . . 7

VII. THE REPORT AND RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . 8

VIII. DEFENDANT'S OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A. *Substantial Evidence to Support RFC:
       Opinion of Treating Physician* . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B. *Remanding for an Award of Benefits* . . . . . . . . . . . . . . . . . . . . . 12

*IX.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## *I.  INTRODUCTION*

Before the court are Defendant Commissioner of Social Security's Objections (docket no. 15) to the magistrate judge's Report and Recommendation (docket no. 14) on Plaintiff Jerri J. Hughes's Amended Complaint (docket no. 3).

## *II.  PRINCIPLES OF REVIEW*

### *A.  Review of a Magistrate Judge's Report and Recommendation*

A district court judge must make a *de novo* determination of those portions of a magistrate's report or recommendation to which a party objects.  28 U.S.C. § 636(b)(1)*; see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).  The judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  Because Defendant has made timely and specific objections in this case, a *de novo* review is required of "those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

### *B.  Review of the Social Security Commissioner's Decision to Deny Benefits*

Title 42, United States Code, Section 1383(c)(3) provides that the Commissioner's final determination after a hearing not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g).  42 U.S.C. § 1383(c)(3).  "The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." *Id*.

The court must consider "whether the ALJ's decision is supported by substantial evidence on the record as a whole." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citing *Harris v. Barnhart*, 356 F.3d 926, 928 (8th Cir. 2004)). Substantial evidence is less than a preponderance of the evidence. *Maresh v. Barnhart*, 438 F.3d 897, 898 (8th Cir. 2006). The court must not re-weigh the evidence, but rather simply inquire as to whether "a reasonable person would find [the evidence] adequate to support the ALJ's determination." *Vester*, 416 F.3d at 889 (citing *Sultan v. Barnhart*, 368 F.3d 857, 862 (8th Cir. 2004) and *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). The court must not only consider the evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from it. *Dukes v. Barnhart*, 436 F.3d 923, 926 (8th Cir. 2006).

### III. PROCEDURAL AND FACTUAL BACKGROUND

The magistrate judge's February 14, 2004 Report and Recommendation sets forth the procedural and factual background of this case. Neither party objects to these portions of the Report and Recommendation. The court finds that the magistrate judge's recitation of the procedural and factual background of the case is correct, and, therefore, accepts it. 28 U.S.C. § 636(b)(1)(C).

### IV. APPLICABLE LAW

To decide whether Plaintiff is "disabled" and thus entitled to Title II social security benefits, the Administrative Law Judge ("ALJ") must complete a five-step sequential evaluation process. The relevant federal regulation provides:

> The sequential evaluation process is a series of five "steps" that we follow in a set order. If we can find that you are disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess

your residual functional capacity. We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps. These are the five steps we follow:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4) (2006) (parenthesized cross-references omitted); *see, e.g., Pelkey v. Barnhart*, 433 F.3d 575, 577 (discussing same five-step sequential evaluation

process). The burden shifts from the claimant to the Social Security Administration at the fifth step. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir. 1983) (holding burden shifts "once the claimant proves that he or she is unable to perform his or her past relevant work).

Before proceeding to the fourth step, the ALJ must assess Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). A claimant's RFC is defined as "what the claimant is able to do despite limitations caused by all of the claimant's impairments." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citing 20 C.F.R. § 404.1545(a) (2000)).

## V. THE ALJ'S ANALYSIS

The ALJ considered the first three steps in the five-step sequential evaluation process and was unable to find that Plaintiff was disabled. Specifically, the ALJ found (1) Plaintiff has not engaged in substantial gainful activity since September 9, 1999, the date from which she seeks disability benefits; (2) Plaintiff has three severe impairments: neck pain post cervical fusion surgery, back pain post cervical fusion surgery and acid reflux disease; and (3) Plaintiff's impairments do not meet one of the listed impairments. The parties do not dispute the ALJ's findings as to these three steps.

The ALJ then determined Plaintiff's RFC. The ALJ found Plaintiff's impairments leave her with the following RFC:

> [C]an lift no more than 15 pounds occasionally and less than 10 pounds frequently; can sit up to six hours out of an eight hour work day; can stand and walk six hours out of an eight hour work day; can no more than occasionally balance, stoop, crouch, kneel, crawl or climb; cannot do frequent reaching or do work overhead; and can work at no more than a regular pace.

Based on this RFC, the ALJ concluded Plaintiff was "not disabled." It is wholly

unclear, however, whether the ALJ found Plaintiff "not disabled" at the fourth step of the sequential evaluation process, at the fifth step or at both steps. The ALJ repeatedly contradicted himself in discussing the fourth step, i.e., whether Plaintiff can perform her past relevant work.

On the one hand, in the "Statement of the Issues" and "Findings" portions of his decision, the ALJ indicated that Plaintiff is unable to perform her past relevant work. In the "Statement of Issues," the ALJ wrote that "the record shows that the claimant is unable to do work she has done in the past." In the "Findings," the ALJ wrote that Plaintiff "is unable to perform her past relevant work as a waitress or head waitress."

On the other hand, in the "Rationale" section of the decision, the ALJ stated that Plaintiff "can perform her past relevant work" and "has not shown the inability to perform her past relevant work." In making these findings, the ALJ relied upon the testimony of a vocational expert, who opined that, given the RFC the ALJ attributed to the Plaintiff, a hypothetical person "could return to past work as a waitress, and as a head waitress in accord with the Dictionary of Occupational Titles."

After discussing the fourth step of the sequential evaluation process, the ALJ proceeded to the fifth step.[1] Based on Plaintiff's RFC, age, education, and work experience and the testimony of a vocational expert, the ALJ held Plaintiff could adjust to other work and, therefore, was "not disabled." The ALJ held that Plaintiff could perform

---

[1] Presumably, the ALJ would not discuss the fifth step in the sequential evaluation process if he found Plaintiff "not disabled" at the fourth step. *See* 20 C.F.R. § 404.1520(a)(4) (stating that "[i]f we can find that you are . . . not disabled at a step, we make our determination or decision and we do not go on to the next step"). Once it is determined that the claimant is "disabled" or "not disabled," the sequential evaluation process ends. *Id.*; *see, e.g., Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (affirming ALJ who found claimant "not disabled" at fourth step and "[t]hus . . . did not reach the fifth step of the analysis").

the duties of a food checker, a check cashier and a gambling cashier. The ALJ found these three occupations exist in significant numbers in the national economy. In the alternative, the ALJ found that, even if Plaintiff "were further limited to only sedentary work, which the record does not show, . . . jobs still exist in significant numbers in the national economy that she can perform."

## VI. *PLAINTIFF'S COMPLAINT FOR JUDICIAL REVIEW*

Plaintiff's brief to this court raises two issues. First, Plaintiff contends that there is not substantial evidence in the record to support the ALJ's determination of her RFC. Second, Plaintiff alleges that "[t]he decision of the ALJ is contradictory at the [fourth] step, and it is not possible to affirm his decision on review since we are not certain of what his actual reasoning and findings were regarding the issue of whether [Plaintiff] can perform her past relevant work." Plaintiff asks the court to reverse "at the fourth step" and remand "to take further evidence."

## VII. *THE REPORT AND RECOMMENDATION*

The magistrate judge held there was not substantial evidence in the record to support the ALJ's determination of Plaintiff's RFC. The magistrate judge found that (1) the ALJ improperly discounted Plaintiff's subjective allegations of pain and (2) erred in rejecting the opinion of Dr. Tork Harman, one of Plaintiff's treating physicians.

Although the magistrate judge noted the contradictions in the ALJ's discussion of the fourth step, the magistrate judge assumed without discussion that "[t]he ALJ determined that [Plaintiff] is unable to perform her past relevant work as a waitress or head waitress," i.e., the ALJ was unable to find that Plaintiff was "not disabled" at the fourth step. As a consequence, the magistrate judge's discussion of Plaintiff's RFC was directed at whether the ALJ had properly analyzed the fifth step in the sequential evaluation process. The magistrate judge found the ALJ erred at the fifth step because he applied the

7

wrong RFC.

The magistrate judge reversed and remanded for an award of benefits. The magistrate judge concluded that, because "the ALJ erred in not fully accepting Dr. Harman's opinion" and "Dr. Harman's opinion indicates that [Plaintiff's] symptoms are both credible and disabling," "a remand for further vocational expert testimony based on a specified RFC is unnecessary."

## VIII. DEFENDANT'S OBJECTIONS

Defendant objects to the magistrate judge's conclusion that the ALJ erred in not fully accepting Dr. Harman's opinion. In the alternative, Defendant objects to the magistrate judge's recommendation to remand the matter for an award of benefits; Defendant maintains that the court should grant Plaintiff the relief she requested and remand this case for further consideration at the fourth step.

### A. Substantial Evidence to Support RFC: Opinion of Treating Physician

Defendant objects to the magistrate judge's conclusion that the ALJ erred in rejecting Dr. Harman's opinion in calculating Plaintiff's RFC. Dr. Harman is one of Plaintiff's treating physicians. In a letter dated February 17, 2004, Dr. Harman wrote:

> To Whom it May Concern:
>
> I have treated a patient by the name of Jerri J. Hughes in the St. Luke's Pain Clinic for several years. . . . . She previously underwent a cervical diskectomy with fusion of C6-7 . . . in September of 1999.
>
> My treatment of this patient began in October of 2002. At that time, she demonstrated chronic neck, shoulder and upper extremity pain which I found consistent with her previous disk herniation and surgical experience. Moreover, I found that

> she experienced degenerative disk changes at C5-6. In November of 2002, we performed cervical epidural steroid injection treatments.
>
> From November of 2002 through January of 2004, I have tried to provide a series of pain relief remedies, including trigger point injections, and medical trials for pain relief. Jerri's neck pain, shoulder pain, and upper extremity pain are consistent and sometimes coupled with headaches. This patient has described that her symptoms are disabling and affect her sleep habits and physical activity.
>
> Through my treatment of this patient, I find her complaints to be credible. I find this course of treatment consistent with a person who has encountered medical problems following an automobile accident in March of 1998, neck surgery in September of 1999, and now residual pain from degenerative disk disease.

Plaintiff introduced Dr. Harman's letter into evidence at the hearing.

In discussing Dr. Harman's letter, the ALJ found:

> The opinion and conclusions of Dr. Harman cannot be fully accepted. The statement of the doctor is conclusory, and is not consistent with the treating notes. For instance, the doctor described that the claimant had headaches in his summary statement, but this symptom is not mentioned in the treating notes. Dr. Harman himself did not pronounce claimant to be disabled, but he rather found her complaints to be credible. However, a doctor's endorsement of the claimant's symptoms and statements does not amount to a medical opinion of disability. Further, the statement does not reach the most critical question, namely what effect her impairments have on her vocational ability.

For these reasons, the ALJ held that Dr. Harman's letter "cannot be afforded controlling

9

weight."

The social security regulations afford the opinion of a treating physician special deference. *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citing 20 C.F.R. § 404.1527(d)(2)). A treating physician's opinion must be given "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). That said, if "a treating physician renders inconsistent opinions that undermine the credibility of such opinions," the ALJ may discount or disregard them. *Prosch*, 201 F.3d at 1013 (citing *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)). "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Id.* (citing, in part, 20 C.F.R. § 404.1527(d)(2)).[2]

The magistrate judge found that the ALJ's reasons for discounting Dr. Harman's opinions were not all good reasons. The court agrees.

First, Dr. Harman's opinion as expressed in his letter is not inconsistent with his treating notes. On October 25, 2002, Dr. Harman wrote that Plaintiff "has pain located in the base of her neck. It radiates up towards her skull . . . ." On November 17, 2002, Dr. Harman wrote that "[t]he patient returns today with continued complaints of pain in

---

[2] The court notes that Dr. Harman is a specialist in pain management. "The Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *see also* 20 C.F.R. § 1527(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). There is no indication that the ALJ afforded Dr. Harman's opinion such deference.

10

her neck, shoulders, and arms as well as headache."

Second, Dr. Harman's opinion is not "conclusory" in the sense that it "does not amount to a medical opinion . . . ." Although Dr. Harman did not specifically "pronounce [the Plaintiff] to be disabled," he found her complaints of neck pain, shoulder pain, upper extremity pain, headaches, loss of sleep, and reduction of physical activity to be "credible." Dr. Harman also found Plaintiff's characterization of her ailments as "disabling" to be "credible." These credibility findings amount to a medical opinion that Plaintiff suffers from severe impairments.

The ALJ correctly pointed out that Dr. Harman's opinion does not "reach the most critical question, namely what effect her impairments have on her vocational ability." In other words, Dr. Harman's opinion "does not indicate *how* [Plaintiff's] "impairment[s] impede[] [her] ability to return to work." *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989) (emphasis in original). In this limited sense, the court finds Dr. Harman's letter is conclusory. Dr. Harman's conclusion that Plaintiff's impairments are "disabling" is "not conclusive as to the ultimate question concerning whether the claimant's injuries are so severe that [s]he is prevented from doing productive work." *Nelson v. Sullivan*, 946 F.2d 1314, 1316-17 (8th Cir. 1991) (citing, in part, *Garrison v. Heckler*, 765 F.2d 710, 713 (7th Cir. 1985) ("The treating physician's further assertion that [the claimant] is disabled from any employment is not a medical statement at all.")). The problem with the ALJ's analysis, however, is that, if the ALJ thought Dr. Harman's letter was inconsistent or conclusory, he was obligated to contact Dr. Harman for "additional evidence or clarification," 20 C.F.R. § 404.1512(e)(1), "and for an assessment of how the 'impairments limited [the claimant's] ability to engage in work-related activities." *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002) (quoting *Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001)). The ALJ was not permitted to simply label Dr. Harman's

opinion as "conclusory" and leave a crucial issue in the case undeveloped. *See, e.g., Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (holding that the duty to recontact a treating physician for clarification of an opinion "arises only if a crucial issue is undeveloped").

Accordingly, the court shall overrule Defendant's first objection to the magistrate judge's Report and Recommendation. The ALJ erred in rejecting Dr. Harman's opinion without contacting Dr. Harman for additional evidence or clarification. This matter, therefore, must be reversed and remanded for a new hearing at which the ALJ shall reconsider Dr. Harman's letter and Plaintiff's RFC. *See* 42 U.S.C. § 405(g) ("The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *see also Benskin v. Bowen*, 830 F.2d 878, 885 n.2 (8th Cir. 1987) ("Usually, when the Secretary errs at a stage in the determination at which the burden is still on the claimant to prove she is entitled to benefits, the proper relief is to remand to the Secretary so he can resume consideration of the claim."). As a consequence, the ALJ must also reconsider the fourth step of the sequential evaluation process, and, if necessary, the fifth step of the sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4) (stating RFC is used "at both step four and step five when we evaluate your claim at these steps").[3]

---

[3] The court notes that Defendant does not object to the magistrate judge's conclusion that there was not substantial evidence to support the ALJ's determination of Plaintiff's RFC because the ALJ improperly discredited Plaintiff's subjective allegations of pain. In this respect, the magistrate judge's decision stands. 28 U.S.C. § 636(b)(1)(C). Because it is thus undisputed that the ALJ erred in calculating Plaintiff's RFC and there is not substantial evidence to support the RFC, this matter must be reversed and remanded for reconsideration of Plaintiff's RFC. *See Benskin*, 830 F.2d at 885 n.2; 20 C.F.R. §
(continued…)

## B. *Remanding for an Award of Benefits*

Defendant next objects to the magistrate judge's recommended disposition of Plaintiff's Amended Complaint. The magistrate judge recommended "that the decision of the ALJ be reversed and that this matter be remanded for an award of benefits." The magistrate judge reasoned that, because "Dr. Harman's opinion indicates that [Plaintiff's] symptoms are both credible and disabling . . ., a remand for further vocational expert testimony based on a specific RFC is unnecessary." In her Amended Complaint, Plaintiff only requested that the court reverse "at the fourth step" and remand "to take further evidence."

The court holds that it is premature to remand for an award of benefits. The record in this case is undeveloped and, with respect to the fourth step in the sequential evaluation process,[4] is wholly inconsistent and contradictory. Where the record is "undeveloped and inconsistent," the court has "no alternative but to remand for further proceedings." *Draper v. Barnhart*, 425 F.3d 1127, 1132 (8th Cir. 2005).

The court cannot on its own accord base an award of benefits on Dr. Harman's letter. As indicated, Dr. Harman's conclusion that Plaintiff's impairments are "disabling" is "not conclusive as to the ultimate question concerning whether the claimant's injuries are so severe that [s]he is prevented from doing productive work." *Nelson,* 946 F.2d at 1317. Moreover, Dr. Harman is not a vocational expert.

The proper remedy is to remand for a new hearing; at the hearing, the ALJ shall

---

[3] (…continued)
404.1520(a)(4).

[4] As indicated, the magistrate judge assumed that the ALJ was unable to find that Plaintiff was "not disabled" at the fourth step. The court cannot base a decision to award benefits upon contradictions.

13

pick up where he erred, i.e., at the stage in the five-step sequential evaluation process in which the ALJ must determine the claimant's RFC. *See Draper*, 425 F.3d at 1132; *see also* 42 U.S.C. § 405(g) ("The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). "Usually, when the Secretary errs at a stage in the determination at which the burden is still on the claimant to prove she is entitled to benefits, the proper relief is to remand to the Secretary so he can resume consideration of the claim." *Benskin,* 830 F.2d at 885 n.2.[5]

Accordingly, the court sustains Defendant's second objection to the magistrate judge's Report and Recommendation.

## IX. CONCLUSION

**IT IS THEREFORE ORDERED THAT**:

(1) Defendant's Objections (docket no. 15) to Magistrate Judge's Report and Recommendation (docket no. 14) on Plaintiff's Amended Complaint (docket no. 3) are **SUSTAINED IN PART AND OVERRULED IN PART**;

(2) The magistrate judge's Report and Recommendation (docket no. 14) is **ADOPTED IN PART AND SET ASIDE IN PART**;

(3) The decision of the Commissioner of Social Security is **REVERSED**; and

(4) This matter is **REMANDED** for further proceedings consistent with this

---

[5] This is not a case where the ALJ made alternative findings based on Plaintiff's claimed RFC that would render a remand unnecessary. On this precise issue, the ALJ asked Julie Svec, a vocational expert, whether Plaintiff "would . . . be able to do . . . any other jobs that would exist in significant numbers in the economy" "[i]f I take everything that [Plaintiff] has indicated to me today and find that it is true . . . ." Ms. Svec responded that Plaintiff could return to work as a food checker, a check cashier, or a gambling cashier.

opinion, including but not limited to a new hearing on the determination of Plaintiff's RFC, as well as steps four and five of the sequential evaluation process.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA